GRACE AND NINO, INC. *vs.* JOSEPH M. ORLANDO & another.[1]

No. 95-P-482.

Essex. April 19, 1996. - August 14, 1996.

Present: DREBEN, GILLERMAN, & LAURENCE, JJ.

*Attorney at Law,* Compensation, Contingent fee agreement. *Contract,* Compensation of attorney.

At the trial of a contract claim arising from a written fee agreement between attorneys and their client, the judge incorrectly admitted parol evidence as to an antecedent agreement that did not vary or contradict the terms of the written agreement and submitted a special question thereon to the jury, where any portion of a contingent fee agreement not in writing would not comply with S.J.C. Rule 3:05 (4) and would be champertous and unenforceable. [113]

An "obscurity" in a contingent fee agreement was to be construed against the attorneys who drafted the agreement and plaintiffs in an action on the contract were entitled to the return of fees, plus interest, retained by the attorneys in reliance on that provision; however, in the circumstances, there was no basis for the plaintiff's claims under G. L. c. 93A and G. L. c. 221, § 51. [113-114]

CIVIL ACTION commenced in the Superior Court Department on May 15, 1987.

The case was tried before *Richard S. Kelley,* J.

*Robert T. Harrington* for the plaintiff.

*William F. Martin* for the defendants.

GILLERMAN, J. After the defendants settled and collected $300,000 on account of the plaintiff's claim against an insurer, they disbursed the settlement proceeds to the plaintiff retaining, however, $49,980 as their fee for legal services rendered. The plaintiff had engaged the defendants under a contingent fee agreement signed by the plaintiff and the defendants.[2] The plaintiff claimed that under the agreement the defendants had

---

[1]Edward J. White.

[2]The following is the fee agreement signed by the parties:

the right to retain a fee of only $10,000, and it sought the recovery of $39,980 and interest.

At the close of the plaintiff's case, and at the close of all the evidence, the plaintiff moved for a directed verdict. The motions were denied. Both motions were grounded on the claim that the written contingent fee agreement must be construed against the defendants, and when so construed, the defendants would be entitled to a fee of $10,000. Following the answers of the jury to special questions, a final judgment

---

"Anthony Ciaramitaro, individually and as president for the Grace & Nino, Inc. of 28 Dale Avenue, Gloucester, MA 01930 retains the Attorneys Orlando & White of One Western Avenue, Gloucester, MA 01930, to perform the legal services mentioned in paragraph (1) below. The Attorneys agree to perform the legal services faithfully and with due diligence.

"(1)   The claim, controversy, and other matters with reference to which the services are to be performed are: damages sustained as a result of the loss of the F/V MARY GRACE on or about June 4, 1984.

"(2)   Client agrees that if suit is filed in this matter payment for services will be on a contingent fee basis as outlined below. In the event that the case is settled within thirty (30) days of this date prior to the institution of a suit the client agrees to pay the attorneys $10,000.00.

"(3)   The contingency upon which compensation is to be paid is that in the event there is any recovery by way of settlement or trial favorable to the Client on the claim or controversy under paragraph (1) of this agreement the Client shall be liable to the Attorneys for compensation as set forth in paragraph (5) below.

"(4)   The Client is not to be liable to pay compensation otherwise than from amounts collected for the Client by the Attorneys, except that the Client, as required by Rule 3:05 of the Supreme Judicial Court of Massachusetts, is in any event to be liable to the Attorneys for their reasonable expenses and disbursements.

"(5)   Reasonable compensation on the foregoing contingency is to be paid by the Client to the Attorneys, but such compensation is not to exceed: (a) 16.66% of the first $300,000.00 recovered; and (b) 40% of that sum which exceeds $300,000.00.

"This agreement and its performance are subject to Rule 3:05 of the Supreme Judicial Court of Massachusetts."

was entered awarding the defendants $49,980 as their fee. We reverse.

The material facts are not in dispute. The plaintiff's claim was settled more than thirty days after the date of the fee agreement but prior to the commencement of any action. The defendants argue that the fee agreement was a "partially integrated contract" because there was no provision in the contingent fee agreement for the calculation of the fee in the event the case was settled after thirty days and before suit was brought. For that reason, argue the defendants, the judge was correct in admitting parol evidence of an antecedent oral agreement (establishing the fee at 16.66 percent of any settlement of the claim following the initial thirty-day period and prior to suit) which did not vary or contradict the terms of the written contingent fee agreement.

The judge's decision to permit the introduction of conversations between the parties regarding the fee arrangement in the event the claim was settled after thirty days and before the commencement of an action led directly to special question number one for the jury,[3] namely, whether "[p]rior to the execution of the Fee Agreement" (emphasis added) there was an agreement setting the defendants' fee in the event the claim was settled after thirty days but before suit was brought.

The special question just quoted should not have been submitted to the jury. A contingent fee agreement which is not in writing, and therefore does not comply with S.J.C. Rule 3:05(4), 382 Mass. 762 (1981), is champertous. See *Sullivan* v. *Goulette*, 344 Mass. 307, 310 (1962).

The interpretive issue is whether, in paragraph (2) of the agreement which we set out in note 2, *supra*, the clause "within thirty (30) days of this date" is a *condition* to a settlement that reduces the fee to $10,000, or merely a reference to the attorneys' expectation that suit would be brought within thirty days if the case was not settled by that time.[4] The choice between the two interpretations is sufficiently close (as

---

[3]The plaintiff objected to the submission of any special question to the jury.

[4]Thus, by way of illustration, the second possible construction referred to in the text is demonstrated merely by reversing the order of the two key clauses in the second sentence of paragraph (2), viz., "In the event that the case is settled prior to the institution of a suit within thirty (30) days of this date, the client agrees to pay the attorneys $10,000."

note 4, *supra*, suggests) that the resulting muddle may properly be regarded precisely as the kind of "obscurity" to which the court referred *In the Matter of Kerlinsky*, 406 Mass. 67, 73 n.5 (1989) (where the agreement is subject to Rule 3:05, the guiding principle is that "any obscurities in the agreement will be taken against the attorney who drafted it"). This is based on the obligation of the attorney who drafts such an agreement to "see[ ] that all its parts were completed with clarity." *Id.* at 72. Here the defendants failed to perform that obligation, and we must take the "obscurities" of the agreement against the defendants.[5]

This construction is consistent with the plain meaning of the first sentence of the same paragraph: "Client agrees that *if suit is filed* in this matter payment for services will be on a contingent fee basis as outlined below." (Emphasis added.) The contingent fee basis referred to in this last quoted clause and "outlined below" was 16.66% of the first $300,000, and 40% of any excess.

So construed, the agreement must be taken to mean that the agreed fee was $10,000 if the case was settled prior to suit, and the defendants are obliged to return $39,980 to the plaintiff.

The plaintiff is entitled to interest on $39,980 at the legal rate from February 11, 1985, the date the defendants confirmed in writing that they would continue to hold the funds in dispute. See G. L. c. 231, § 6C. The defendants did not engage in any unfair or deceptive act or practice, and there is no basis for the plaintiff's claims under G. L. c. 93A and G. L. c. 221, § 51. The defendants' counterclaim must be dismissed.

The judgment is reversed. A new judgment is to be entered ordering the defendants to pay the plaintiff $39,980, with interest at the legal rate from February 11, 1985, and dismissing the defendants' counterclaim.

*So ordered.*

---

[5]We are mindful that the first sentence of paragraph (3) of the agreement provides that the defendants are entitled to a contingent fee if there is "any recovery by way of settlement or trial favorable to the Client. . . ." Neither party argues — and rightly so — that this clause, in the context of the remaining provisions, makes any sense at all.